BRUCE F. STANFORD, ABA NO. 8606031
LAW OFFICES OF BRUCE F. STANFORD, LLC
P.O. Box 873
Seward, Alaska 99664
Tel (907) 224-3459; Fax (907) 224-3459
bfstanfordlaw@gmail.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DAVID ALLEN ROGERS, | )<br>) |
| Plaintiff, | )<br>) |
| | ) **CIVIL ACTION** |
| v. | )<br>) |
| THE ESTATE OF JOE C. ASHLOCK, | )<br>) |
| Defendant. | ) |
| | ) Case No. _____ |

### SEAMAN'S COMPLAINT FOR UNSEAWORTHYNESS, NEGLIGENCE, MAINTENANCE AND CURE, PUNITIVE DAMAGES, WITH JURY TRIAL DEMANDED

COMES NOW the Plaintiff David Allen Rogers by and through his counsel of record Bruce F. Stanford of the Law Offices of Bruce F. Stanford, LLC and for his cause of action against the Defendant alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff David Allen Rogers, a resident of Seward, Alaska during times material herein was a seaman under the Jones Act (46 U.S.C Sec, 30104) who served as a crew member aboard the vessel P/V DUTCH HARBOR, USCG No. 587212 with its hailing port being Seward, Alaska.

2. According to the USCG Vessel Registry the owner of the DUTCH HARBOR is "The Estate of Joe C. Ashlock," the Plaintiff's employer and named Defendant herein, its principal

1  Complaint, *Rogers v. Estate of Joe C. Ashlock*

place of business is listed as 800 East Dimond Blvd., Suite 3-500, Anchorage, Alaska, 99515, said entity owned, operated, chartered, controlled, leased, managed and/or maintined the DUTCH HARBOR, which was at all times relevant was a vessel in navigable waters.

3. Upon information and belief said vessel at all times relevant was managed and/or controlled by the estate's personal representative(s) and/or managers: Carol Ashlock and/or Hugh Ashlock residents of Anchorage, Alaska, including Captain Allen McCarty of Seward, Alaska. This Court has jurisdiction over all of Plaintiff's claims and venue is proper.

## FACTS

4  Plaintiff's duties on the DUTCH HARBOR directly contributed to the function of the vessel.

5. Plaintiff was acting within the course and scope of his employment, performing his duties on board the vessel upon navigable waters when Plaintiff Rogers was initially injured in June of 2015.

6. The Plaintiff was injured when bringing aboard a newly purchased refrigerator/ freezer when it fell upon him and/or pinned him to the vessel on the lower deck.

7. The Plaintiff struggled with the heavy load and in attempt to protect himself and control it so that it would not fall onto the dock or into the ocean and he immediately felt a "ripping sensation" to this left his groin area and believes he received a hernia.

8. Seaman Rogers initial accident resulting in this injury was witnessed by Collin McCarty, Dominick Samuels and Travis Ackerson.

9. As a result of the injury the Plaintiff requested financial assistance to obtain medical attention from his employer and funds while he was injured but his request for

maintenance and cure was refused by Captain Allen McCarty and/or Carol Ashlock and/or Hugh Ashlock.

10. As the Plaintiff continued to work aboard the vessel his hernia injury would have "flair-ups." Management for the Defendant then promised to pay for his medical needs so long as he kept working but they never paid for any medical treatment and maintenance. In this case the Defendant should be estopped from arguing that laches applies to the Plaintiff initial injury in June of 2015 as the vessel owner and captain were well aware of the injury and duped the Plaintiff to continue his work duties on the DUTCH HARBOR.

11. On or about January 6th, 2018 while working aboard the DUTCH HARBOR with Captain Allen McCarty being present, the Plaintiff slipped and fell on the icy deck while trying to install a safety raft further reinjuring his hernia.

12. Plaintiff's injuries became so acute over time that he had to refrain from work aboard the vessel thereby limiting his income to the point of becoming destitute and selling what few hard assets he owned to survive at a poverty level.

13. On or about February 2, 2018 the Plaintiff sought medical help at the Seward Community Health Center because his hernia was diagnosed and by that time it had developed to the size of a softball where and he subsequently had surgery at Providence Hospital in Anchorage. After the surgery the Plaintiff suffered severe infections as a result of the hernia.

14. Notwithstanding the severity of Seaman Rogers injuries, the Defendant failed and refused to provide insurance for his acute medical needs and refused to provide maintenance and cure when they had a duty to do so thereby causing pain, suffering and damage to Rogers.

# COUNT I
# JONES ACT NEGLIGENCE
# THE ESTATE OF JOE C. ASHLOCK

15. Plaintiff hereby realleges and incorporates paragraphs 1-14 as if fully set forth herein.

16. Plaintiff makes Jones Act (federal question allegations) as to The Estate of Joe C. Ashlock, in the alternative, as allowed by Fed R. Civ. P. 8(d)(2) and (3). Plaintiff's injuries were caused by the negligence and negligence *per se* of The Estate of Joe C. Ashlock, its personal representative(s), its agents, ship's master, servants, officers and/or employees.

17. The Estate of Joe C. Ashlock owed certain duties of care to the Plaintiff, such duties included, without limitation:

   a. The duty to provide Plaintiff with a reasonably safe place in which to work;

   b. The duty to provide Plaintiff with sufficient crew members to assist him in completing his duties and to safely and properly perform his required tasks;

   c. The duty to provide Plaintiff with adequate time in which to complete his duties safely;

   d. The duty to provide Plaintiff and crew with proper and/or reasonably safe equipment with which to work;

   e. The duty to provide adequate safety equipment for the performance of Plaintiff's duties;

   f. The duty to implement and/or enforce safety rules, regulations, or policies to keep the vessel in a safe and seaworthy condition;

g. The duty to instruct its employees, including the Plaintiff to perform tasks which The Estate of Joe C. Ashcroft knew, or in the exercise of reasonable care, should have known, would result in injuries, and/or a procedure or method which would abide such injuries.

h. The duty to comply with applicable OSHA and US Coast Guard rules.

i. The duty to act in good faith in all dealings with the Plaintiff including providing information concerning what his rights were as a seaman aboard the vessel;

j. The negligence and negligence *per se* of the Estate of Joe C. Ashlock, its personal representative(s), agents, servants, officers such as ships master and/or employees resulted in Plaintiff Roger's injuries, including his pain, mental, economic and non-economic damages.

### COUNT II
### UNSEAWORTHINESS
### THE ESTATE OF JOE C. ASHLOCK

18. Plaintiff hereby alleges and incorporates paragraphs 1- 17 as if fully set forth herein.

19 The injuries and damages which were sustained by Plaintiff Rogers were also caused by the DUTCH HARBOR's unseaworthy condition as to the vessel or part of the vessel, its gear, equipment and/or crew.

20. The vessel's unseaworthy condition brought about or actually caused Plaintiff's injuries and Defendant Estate of Joe C. Ashlock, therefore, are liable for those injuries and damages.

# COUNT III
# FAILURE TO PROVIDE MAINTENANCE AND CURE
# THE ESTATE OF JOE C. ASHLOCK

21. Plaintiff hereby realleges and incorporates paragraphs 1-20 as if fully set forth herein.

22. Plaintiff's injuries and damages occurred while he was acting within the course and scope of his service as a seaman and while in service of the DUTCH HARBOR.

23. While at sea on a voyage, Plaintiff was provided with room and board and other fringe benefits.

24. As a result of the previously described events, Plaintiff is entitled to maintenance and cure until such time as he achieves maximum medical cure.

25. The Estate of Joe C. Ashlock has via its personal representative(s), agents, managers, officers and/or employees' failure to pay maintenance and cure is willful and arbitrary and thus entitles Plaintiff to an award of attorney's fee as well as punitive damages.

## DAMAGES

26. Plaintiff sustained permanent and painful injuries of the body and mind including emotional distress which were proximately caused by the breach of duties owed Plaintiff by the Defendant. As a further result of the actions of the Defendant, and Plaintiff's injuries, Plaintiff has sustained and will continue to sustain permanent and painful injuries, infections, disfigurement and disabilities of body and mind including emotional distress, has suffered loss of enjoyment of life, has incurred and will from time to time continue to incur medical, hospital and related expenses.

27. Additionally, as a result of the action of the Defendant and Plaintiff's injuries, Plaintiff's earning capacity and working ability has been impaired and he has lost and will

continue to lose wages and income. Accordingly, Plaintiff has sustained and incurred damages in an amount according to proof at trial.

28. The actions and negligence of Defendants were outrageous, callous, reprehensible, malicious and/or in reckless disregard of the safety and wellbeing of Plaintiff and thus entitles Plaintiff to punitive damages in an amount to be determined at trial.

29. Plaintiff is also entitled to punitive damages under the general maritime law because the aforementioned actions of Defendants were grossly negligent and Defendants have willfully and wantonly failed to comply with its maintenance and cure obligations owed to Plaintiff.

## **RESERVATION OF RIGHT TO AMEND THE PLEADINGS**

30. The Plaintiff respectfully reserves his right to alter and/or amend the pleadings and/or add additional parties consistent with the discovery that will be ongoing in this litigation.

31. **JURY TRIAL DEMANDED**

The Plaintiff respectfully requests a jury trial on all issues so triable as afforded by the Jones Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. That the Defendants respond to this Complaint to the extent required by law;

2. That Plaintiff have a jury trial on all issues so triable;

3. That Plaintiff have and recover from the Defendant all damages, economic and non-economic, tangible and intangible, general and special, compensatory in and amount in excess of $100,000;

4. That Plaintiff be awarded punitive damages as claimed in the paragraphs above in addition to his Attorney's fees and costs, to which Plaintiff is entitled to recover, and

5. For all such other and further relief as this Court deems just and appropriate under the circumstances.

RESPECTFULLY SUBMITTED this 5th day of April, 2019 from Seward, Alaska.

LAW OFFICES OF BRUCE F. STANFORD, LLC


/s/ Bruce F. Stanford
Bruce F. Stanford, ABA No. 8606831
Attorney for Plaintiff David Allen Rogers



Law Offices of Bruce F. Stanford, LLC
P.O. Box 873
Seward, Alaska 99664
Tel. (907) 224-3458
e-mail: bfstanfordlaw@gmail.com

8  Complaint, *Rogers v. Estate of Joe C. Ashlock*