# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

DAVID ALLEN ROGERS,

        Plaintiff,

   v.

THE ESTATE OF JOE C. ASHLOCK,

        Defendant.

Case No. 3:19-cv-00096-SLG

## ORDER RE MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court at Docket 18 is Defendant The Estate of Joe C. Ashlock's Motion for Partial Summary Judgment, filed on March 5, 2020.[1] Plaintiff David Allen Rogers did not file a response within the 21-day deadline imposed by Local Civil Rule 7.2(b)(1). The Court therefore considers Defendant's motion ripe as of March 26, 2020.[2] Oral argument was not requested and was not necessary to the Court's decision.[3]

---

[1] Defendant's memorandum in support is at Docket 19.

[2] Unlike a non-dispositive motion, Defendant's motion for partial summary judgment is not subject to a summary ruling due to Plaintiff's failure to respond. *See* Loc. R. Civ. P. 7.1(h).

[3] Due to the coronavirus pandemic, by Miscellaneous General Order 20-11, the District of Alaska imposed a stay on all civil matters for 30 days, effective March 30, 2020. The District of Alaska recently extended that stay until June 1, 2020. *See* Miscellaneous General Order 20-13. The undersigned judge, presiding in this matter, hereby lifts the stay in this case. *See* Miscellaneous General Order 20-13 at 5–6. However, the parties may by stipulation or motion seek extensions of time.

## BACKGROUND

Plaintiff filed a Seaman's Complaint for Unseaworthiness, Negligence, Maintenance and Cure, Punitive Damages, With Jury Trial Demanded ("Complaint") to initiate this action on April 5, 2019.[4] In it, Plaintiff alleges that he was injured in June 2015 while "acting within the course and scope of his employment" as a seaman aboard the vessel P/V DUTCH HARBOR, owned by Defendant.[5] Plaintiff asserts that a "refrigerator/freezer" fell on him while he was bringing it on board, whereupon "he immediately felt a 'ripping sensation' to this left his [sic] groin area and believes he received a hernia."[6] According to the Complaint, Plaintiff "requested financial assistance to obtain medical attention from his employer" but was refused.[7] Plaintiff alleges that as he continued with his duties aboard the DUTCH HARBOR, "his hernia injury would have 'flair-ups,'" and that management for Defendant eventually "promised to pay for [Plaintiff's] medical

---

[4] Docket 1.

[5] Docket 1 at 1–2, ¶¶ 1–5. Defendant disputes that Plaintiff was a seaman under the Jones Act, 46 U.S.C. § 30104, but states that "that question is not addressed in [the motion for partial summary judgment]." Docket 19 at 1–2; *see also* Docket 14 at 1, 3, 4, ¶¶ 1, 8, 22 (Answer denying that Plaintiff was a seaman under the Jones Act).

[6] Docket 1 at 2, ¶¶ 6–7.

[7] Docket 1 at 2–3, ¶ 9.

Case No. 3:19-cv-00096-SLG, *Rogers v. Estate of Joe C. Ashlock*
Order re Motion for Partial Summary Judgment
Page 2 of 13
Case 3:19-cv-00096-SLG   Document 22   Filed 05/06/20   Page 2 of 13

needs so long as he kept working."[8]  However, Plaintiff asserts that "they never paid for any medical treatment and maintenance."[9]

Plaintiff alleges that he "further reinjur[ed] his hernia" on January 6, 2018, when he fell on the deck of the DUTCH HARBOR "while trying to install a safety raft."[10]  According to the Complaint, Plaintiff "had to refrain from work aboard the vessel" as a result of his injuries, "thereby limiting his income to the point of becoming destitute and selling what few hard assets he owned to survive at a poverty level."[11]  Plaintiff alleges that he "sought medical help" on February 2, 2018, "because his hernia was diagnosed and . . . had developed to the size of a softball," and that "he subsequently had surgery," after which he "suffered severe infections as a result of the hernia."[12]  The Complaint states that "[n]otwithstanding the severity of [Plaintiff's] injuries, the Defendant failed and refused to provide insurance for his acute medical needs and refused to provide maintenance and cure when they had a duty to do so thereby causing pain, suffering and damage to [Plaintiff]."[13]

---

[8] Docket 1 at 3, ¶ 10.

[9] Docket 1 at 3, ¶ 10.

[10] Docket 1 at 3, ¶ 11.

[11] Docket 1 at 3, ¶ 12.

[12] Docket 1 at 3, ¶ 13.

[13] Docket 1 at 3, ¶ 14.

Case No. 3:19-cv-00096-SLG, *Rogers v. Estate of Joe C. Ashlock*
Order re Motion for Partial Summary Judgment
Page 3 of 13
Case 3:19-cv-00096-SLG   Document 22   Filed 05/06/20   Page 3 of 13

Plaintiff pleads three claims against Defendant in the Complaint: (1) Jones Act Negligence,[14] alleging that Plaintiff's injuries were caused by the negligence of Defendant, "its personal representative(s), its agents, ship's master, servants, officers and/or employees," who breached several duties, including "[t]he duty to provide Plaintiff with a reasonably safe place in which to work";[15] (2) unseaworthiness, alleging that "[t]he injuries and damages which were sustained by Plaintiff . . . were also caused by the DUTCH HARBOR's unseaworthy condition";[16] and (3) failure to provide maintenance and cure, alleging that "Plaintiff is entitled to maintenance and cure until such time as he achieves maximum medical cure."[17] Plaintiff seeks damages "in an amount according to proof at trial" to compensate for his emotional distress, injuries, medical care, and lost wages and earning capacity.[18] Plaintiff also seeks punitive damages under both the Jones Act and general maritime law.[19]

---

[14] *See* 46 U.S.C. § 30104.

[15] Docket 1 at 4–5, ¶¶ 15–17

[16] Docket 1 at 5, ¶¶ 18–20.

[17] Docket 1 at 6, ¶¶ 21–25.

[18] Docket 1 at 6–7, ¶¶ 26–27.

[19] Docket 1 at 6–7, ¶¶ 25, 28–29.

Case No. 3:19-cv-00096-SLG, *Rogers v. Estate of Joe C. Ashlock*
Order re Motion for Partial Summary Judgment
Page 4 of 13
Case 3:19-cv-00096-SLG   Document 22   Filed 05/06/20   Page 4 of 13

Defendant filed its Answer on July 3, 2019, in which it denied the majority of the allegations in the Complaint.[20] Defendant filed the instant motion for partial summary judgment on March 5, 2020.[21]

## JURISDICTION

Plaintiff's claims arise under the Jones Act and general maritime law and are thus within the Court's federal question jurisdiction.[22]

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) directs a court to grant summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[23] When considering a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."[24] To reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party."[25] If the evidence provided by the

---

[20] *See generally* Docket 14.

[21] Docket 18.

[22] 28 U.S.C. § 1331; *see also* U.S. Const. art. III, § 2, cl. 2 ("The judicial Power shall extend . . . to all Cases of admiralty and maritime Jurisdiction . . . .").

[23] Fed. R. Civ. P. 56(a).

[24] *Moldex-Metric, Inc. v. McKeon Prods., Inc.*, 891 F.3d 878, 881 (9th Cir. 2018) (alteration in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

[25] *Anderson*, 477 U.S. at 248.

Case No. 3:19-cv-00096-SLG, *Rogers v. Estate of Joe C. Ashlock*
Order re Motion for Partial Summary Judgment
Page 5 of 13
Case 3:19-cv-00096-SLG   Document 22   Filed 05/06/20   Page 5 of 13

nonmoving party is "merely colorable" or "not significantly probative," summary judgment is appropriate.[26]

The party moving for summary judgment "bears the initial burden of demonstrating the absence of a genuine issue of fact for trial."[27] However, "[w]hen the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'"[28] Once the moving party has met its initial burden, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading," but must provide evidence that "set[s] forth specific facts showing that there is a genuine issue for trial."[29] In determining whether to grant or deny summary judgment, a court need not "scour the record in search of a genuine issue of triable fact."[30] A court is entitled to "rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment."[31]

---

[26] *Id.* at 249–50.

[27] *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).

[28] *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

[29] *Id.* (quoting Fed. R. Civ. P. 56(e) (amended 2010)). Rule 56 has been amended several times since *Devereaux* was decided, but these amendments have not changed the standard for granting summary judgment. *See* Fed. R. Civ. P. 56(e) advisory committee's notes to 2007 and 2010 amendments.

[30] *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)).

[31] *Id.* (quoting *Richards*, 55 F.3d at 251).

Case No. 3:19-cv-00096-SLG, *Rogers v. Estate of Joe C. Ashlock*
Order re Motion for Partial Summary Judgment
Page 6 of 13
Case 3:19-cv-00096-SLG   Document 22   Filed 05/06/20   Page 6 of 13

## DISCUSSION

Defendant makes two arguments in its motion for partial summary judgment. It first contends that all of Plaintiff's claims arising from the 2015 incident on the P/V DUTCH HARBOR are time-barred by the three-year statute of limitations for maritime tort claims.[32] Second, defendant argues that Plaintiff's claims for punitive damages "are not allowed under the Jones Act or general maritime law."[33] The Court will address these arguments in turn.

### I. Statute of Limitations

Defendant contends that "Plaintiff's claims for injury in June 2015 must be dismissed pursuant to the Statute of Limitations."[34] 46 U.S.C. § 30106 provides that "a civil action for damages for personal injury or death arising out of a maritime tort must be brought within 3 years after the cause of action arose."[35] Defendant contends that the statute of limitations for any claims related to Plaintiff's June

---

[32] Docket 19 at 3–7.

[33] Docket 19 at 7.

[34] Docket 19 at 3.

[35] This provision was previously codified at 46 U.S.C. app. § 763a, where it contained slightly different language. *See* Pub. L. No. 96-382, § 1, 94 Stat. 1525 (1980) ("Unless otherwise specified by law, a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date of the cause of action accrued."). Congress reorganized Title 46 of the U.S. Code in 2006, stating: "In the codification of laws by this Act, the intent is to conform to the understood policy, intent, and purpose of the Congress in the original enactments . . . ." *See* Pub. L. No. 109-304, 120 Stat. 1511 (2006). The Court therefore considers the body of case law interpreting § 763a as applicable to § 30106.

Case No. 3:19-cv-00096-SLG, *Rogers v. Estate of Joe C. Ashlock*
Order re Motion for Partial Summary Judgment
Page 7 of 13
Case 3:19-cv-00096-SLG   Document 22   Filed 05/06/20   Page 7 of 13

2015 injury had run in June 2018, "long before he filed his Complaint in [April] 2019."[36]

As a threshold issue, the Court must determine whether the claims at issue are subject to 46 U.S.C. § 30106. Defendant "seeks an Order dismissing any and all claims related to [P]laintiff's alleged June 2015 injury based on the passage of the statute of limitations."[37] Plaintiff does not bring separate claims premised on the 2015 and 2018 incidents. Instead, the Complaint characterizes the two events as a cycle of injury and reinjury, and Plaintiff's claims for Jones Act negligence, unseaworthiness, and maintenance and cure each appear to relate equally to both events.[38]

The Ninth Circuit has applied the three-year statute of limitations for maritime torts to unseaworthiness claims, which arise under general maritime law, in addition to claims brought directly under the Jones Act.[39] However, courts are divided as to whether this statute of limitations, rather than the doctrine of laches,

---

[36] Docket 19 at 3–4.

[37] Docket 18 at 1.

[38] *See* Docket 1 at 2–6, ¶¶ 4–25 (alleging facts and claims).

[39] *See Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1120–24 (9th Cir. 2006) (holding that plaintiff's unseaworthiness claim was barred by three-year statute of limitations because doctrines of equitable tolling and equitable estoppel did not apply); *see also Usher v. M/V Ocean Wave*, 27 F.3d 370, 372 (9th Cir. 1994) (holding that 46 U.S.C. app. § 763a applies to "all suits on maritime torts," including *in rem* personal injury proceedings).

Case No. 3:19-cv-00096-SLG, *Rogers v. Estate of Joe C. Ashlock*
Order re Motion for Partial Summary Judgment
Page 8 of 13
Case 3:19-cv-00096-SLG   Document 22   Filed 05/06/20   Page 8 of 13

applies to claims for maintenance and cure.[40] Although the Ninth Circuit has not directly addressed the issue, it stated in *Huseman v. Icicle Seafoods* that "[l]aches is an equitable affirmative defense available for actions that do not have a specific applicable statute of limitations such as [appellant's] maintenance and cure claim."[41] Though dicta, the Court considers this statement instructive; moreover, it is consistent with the reasoning of other courts, which have held that maintenance and cure claims are quasi-contractual and not governed by 46 U.S.C. § 30106, which expressly applies to claims for personal injury and death.[42] In light

---

[40] *See Ferris v. Veco Inc.*, 896 F. Supp. 966 n.1 (D. Alaska 1995) ("There is a split of authority on whether 46 U.S.C. app. § 763a covers maintenance and cure claims or whether the equitable doctrine of laches applies."); *see also Rowe v. Hornblower Fleet*, No. C-11-4979 JCS, 2012 WL 5833541, at *8 (N.D. Cal. Nov. 16, 2012) (collecting cases).

[41] *Huseman*, 471 F.3d at 1125. In that case, the district court had "recognized that there is a dispute as to whether laches or the statute of limitations determined the timeliness of the [maintenance and cure] claim" and applied a laches analysis without deciding the issue. *Id.* at 1119–20.

[42] *See, e.g.*, *Reed v. American S.S. Co.*, 682 F. Supp. 333, 336–38 (E.D. Mich. 1988) ("The plain language of [46 U.S.C. app.] § 763a states that a three year limitation period applies to suits for the recovery of damages for personal injury or death. Claims for personal injury or death damages are clearly distinct from claims for maintenance and cure."); *Lightfoot v. F/V ARCTIC STORM*, No. C93-1125WD, 1994 WL 615113, at *2 (W.D. Wash. June 2, 1994) ("An action in tort on this claim is barred by the statute of limitations . . . . An action in contract is not. Laches, not the tort statute of limitations, may be asserted against the claim for unpaid maintenance and cure."); *cf. Cunningham v. Interlake S.S. Co.*, 567 F.3d 758, 761 (6th Cir. 2009) (declining to decide the issue but noting that "a number of federal courts have applied the doctrine of laches in determining the timeliness of claims for maintenance and cure" and collecting cases); *cf. also Huseman*, 471 F.3d at 1128 n.1 (Reinhardt, J, dissenting) ("Because maintenance and cure is an equitable remedy, the doctrine of laches governs, rather than a statute of limitations."). *But see McKinney v. Waterman S.S. Corp.*, 739 F. Supp. 678, 680–82 (D. Mass. 1990) (disagreeing with *Reed* and holding that maintenance and cure claim was subject to three-year statute of limitations). The district court in *Reed* explained that "[c]laims for maintenance and cure . . . do not fall within the traditional categories of either contracts or torts"; it quoted a "leading treatise on admiralty law" as saying that "[m]aintenance and cure is contractual in nature and a continuing obligation[, but] the failure to furnish cure *is* a personal injury which gives rise to a tort remedy and therefore is subject to the three year limitation period." 682 F. Supp. at 336–37 (quoting Norris, *The Law of Seamen*,

Case No. 3:19-cv-00096-SLG, *Rogers v. Estate of Joe C. Ashlock*
Order re Motion for Partial Summary Judgment
Page 9 of 13
Case 3:19-cv-00096-SLG   Document 22   Filed 05/06/20   Page 9 of 13

of this, the Court concludes that 46 U.S.C. § 30106's three-year statute of limitations does not apply to Plaintiff's claim for maintenance and cure and denies Defendant's motion for partial summary judgment on that claim.[43]

The Court now turns to Plaintiff's claims for Jones Act negligence and unseaworthiness, which are subject to the statute of limitations imposed by 46 U.S.C. § 30106. A cause of action arises for the purposes of that statute "when the plaintiff knew or should have known of his injury and its cause."[44] Defendant maintains that there is no material dispute as to whether Plaintiff was aware of his injury in June 2015.[45] Defendant points to the Complaint, which states that Plaintiff "immediately felt a 'ripping sensation' to this left his [sic] groin area and believes

---

§ 26:43 (1985)); *see also The Dutra Grp. v. Batterton*, __ U.S. __, 139 S. Ct. 2275, 2279 (2019) (explaining that duty to provide maintenance and cure "arises from the contract of employment" and "does not rest upon negligence or culpability on the part of the owner or master" (quoting *Calmar S.S. Corp. v. Taylor*, 303 U.S. 525, 527 (1938))).

[43] Defendant does not raise a laches defense, and the Court does not decide whether the doctrine of laches would bar Plaintiff's claim for maintenance and cure, to the extent it arises from the June 2015 incident. The Court notes that Plaintiff anticipated a laches defense to that claim in the Complaint. Docket 1 at 3, ¶ 10.

[44] *White v. Mercury Marine, Div. of Brunswick, Inc.*, 129 F.3d 1428, 1435 (11th Cir. 1997) (discussing 46 U.S.C. app. § 763a); *see also Crisman v. Odeco, Inc.*, 932 F.2d 413, 415 (5th Cir. 1991) ("A cause of action under the Jones Act and general maritime law accrues when a plaintiff has had a reasonable opportunity to discover his injury, its cause, and the link between the two."). Further, a cause of action accrues under the Federal Employers Liability Act ("FELA") when the plaintiff knew or should have known of his injury, *Urie v. Thompson*, 337 U.S. 163, 170–71 (1949), and the Supreme Court has held that the "Jones Act adopts the entire judicially developed doctrine of liability under [FELA]." *Am. Dredging Co. v. Miller*, 510 U.S. 443, 455–56 (1994); *accord* 46 U.S.C. § 30104 ("Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section.").

[45] Docket 19 at 4–7.

Case No. 3:19-cv-00096-SLG, *Rogers v. Estate of Joe C. Ashlock*
Order re Motion for Partial Summary Judgment
Page 10 of 13
Case 3:19-cv-00096-SLG   Document 22   Filed 05/06/20   Page 10 of 13

he received a hernia,"[46] and to three witness statements, all of which attest that Plaintiff complained and showed signs of injury immediately after the June 2015 incident with the refrigerator/freezer.[47]  Defendant has therefore met its initial burden to show that there is no dispute that Plaintiff knew of his injury in June 2015, such that his Jones Act and unseaworthiness claims arose on the date of the incident.[48]  Plaintiff has provided no evidence to show that a genuine issue remains for trial on this point.[49]  The Court therefore concludes that the three-year statute of limitations for Plaintiff's claims for Jones Act negligence and unseaworthiness, to the extent they relate to the 2015 incident, ran in June 2018, several months before he filed the Complaint in April 2019.  The Court grants Defendant's motion for partial summary judgment with respect to these two claims.

### II. Punitive Damages

Defendant "further seeks an Order to dismiss plaintiff's claims for punitive damages under general maritime law and/or under the Jones Act . . . as punitive

---

[46] Docket 1 at 2, ¶ 7.

[47] Docket 19 at 4–7; Docket 18-1 (statements of Collin McCarty, Dominick Samuels, and Travis Ackerson).  Plaintiff produced the statements of three co-workers who observed the 2015 incident in his initial disclosures, and Defendant attached these statements as exhibits to his motion for partial summary judgment.  *See* Docket 19 at 4–5.

[48] *See Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).

[49] See *id.*

Case No. 3:19-cv-00096-SLG, *Rogers v. Estate of Joe C. Ashlock*
Order re Motion for Partial Summary Judgment
Page 11 of 13
Case 3:19-cv-00096-SLG   Document 22   Filed 05/06/20   Page 11 of 13

damages are not available to plaintiff under either theory as a matter of law."[50] In the Complaint, Plaintiff seeks punitive damages on each of his three claims.[51] Defendant addresses only the claims for Jones Act negligence and unseaworthiness in its memorandum in support of the instant motion, contending that punitive damages are not available for either under Supreme Court precedent.[52] In *The Dutra Group v. Batterton*, the Supreme Court observed that "the Jones Act 'limits recovery to pecuniary loss,'" and that "the Federal Courts of Appeals have uniformly held that punitive damages are not available under the Jones Act."[53] The Supreme Court then held that "a plaintiff may not recover punitive damages on a claim of unseaworthiness."[54] However, it had earlier held in *Atlantic Sounding Co. v. Townsend* "that punitive damages are not categorically barred as part of the award on the traditional maritime claim of maintenance and cure."[55] The Supreme Court did not disturb this decision in *The Dutra Group*, and

---

[50] Docket 18 at 1–2.

[51] Docket 1 at 6–7, ¶¶ 25, 28–29.

[52] Docket 19 at 7–8.

[53] __ U.S. __, 139 S. Ct. 2275, 2285 (2019) (quoting *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990)).

[54] *Id.* at 2287.

[55] *Id.* at 2278 (citing 557 U.S. 404, 407 (2009)). Indeed, the Supreme Court has recognized that "remedies for negligence, unseaworthiness, and maintenance and cure have different origins and may on occasion call for application of slightly different principles and procedures" *Id.* at 2283 (alteration omitted) (quoting *Atlantic Sounding*, 557 U.S. at 423).

Case No. 3:19-cv-00096-SLG, *Rogers v. Estate of Joe C. Ashlock*
Order re Motion for Partial Summary Judgment
Page 12 of 13
Case 3:19-cv-00096-SLG   Document 22   Filed 05/06/20   Page 12 of 13

instead cited it favorably.[56]  Accordingly, the Court will grant Defendant's motion with respect to Plaintiff's claims for Jones Act negligence and unseaworthiness but deny it with respect to Plaintiff's claim for maintenance and cure.

## CONCLUSION

In light of the foregoing, Defendant's Motion for Partial Summary Judgment at Docket 18 is GRANTED IN PART and DENIED IN PART as follows:

The Court grants summary judgment to Defendant on Plaintiff's claims for Jones Act negligence and unseaworthiness, to the extent those claims relate to the June 2015 incident aboard the P/V DUTCH HARBOR.  The Court denies summary judgment on Plaintiff's claim for maintenance and cure relating to that incident.

The Court grants summary judgment to Defendant on Plaintiff's request for punitive damages on his Jones Act and unseaworthiness claims.  The Court denies summary judgment on Plaintiff's request for punitive damages on his maintenance and cure claim.

IT IS SO ORDERED this 6th day of May, 2020 at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[56] *See id.* at 2283.

Case No. 3:19-cv-00096-SLG, *Rogers v. Estate of Joe C. Ashlock*
Order re Motion for Partial Summary Judgment
Page 13 of 13
Case 3:19-cv-00096-SLG   Document 22   Filed 05/06/20   Page 13 of 13